**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID LINK, individually and on behalf of all others similarly situated,** : | | |
| : | Case No. 2:12-cv-960 | |
| Plaintiffs, : | JUDGE ALGENON L. MARBLEY | |
| : | | |
| v. : | | |
| : | | |
| **W.L. MARKERS, INC.,** : | Magistrate Judge Mark Abel | |
| : | | |
| Defendant. : | | |
| : | | |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on parties' Joint Motion to Certify Class (the "Motion"). (Doc. 12). For the reasons stated herein, the Motion is **GRANTED**.

**II. BACKGROUND**

Plaintiff, and others similarly situated (together, "Plaintiffs"), seeks unpaid and underpaid wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Plaintiffs were employed as "pavement marker installers" by Defendant, W.L. Markers, Inc., in Ohio and several other states. They allege Defendant failed to pay full overtime compensation to "pavement maker installers" from October 17, 2009 to the present.

**III. LAW AND ANALYSIS**

FLSA allows an employee to maintain an action on behalf of herself "and other employees similarly situated." 29 U.S.C. § 216(b). The statute provides that "[n]o employee

shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent if filed in the court in which such action is brought." *Id*.  Plaintiffs allege that they, and all of Defendant's pavement maker installers were subject to a "pattern of improper wage and overtime compensation calculation." *Motion*, Doc. 12 at 5.  Hence, the employees so affected are entitled to notice of this action and an opportunity to choose whether to "opt-in."

Whether Plaintiffs' suit may proceed as a collective action pursuant to FLSA depends on a showing that potential class members are "similarly situated." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).  The Sixth Circuit endorses "a two-phase inquiry to address this question." *Id*.  The first phase takes place prior to discovery while the second "occurs after 'all of the opt-in forms have been received and discovery has concluded.'" *Id*., *quoting Goldman v. Radioshack Corp.*, 2003 WL 21250571, at *6 (E.D. Pa. Apr. 17, 2003).  While at the second stage, "trial courts examine more closely the question of whether particular members of the class are, in fact, similarly situated," at the first stage "the plaintiff must show only that 'his position is similar, not identical to the positions held by the putative class members.'" *Id*., *quoting Pritchard v. Dent Wizard Int'l*, 210 F.R.D. 591, 595 (S.D. Ohio 2001).  The Court considers that issue "using a fairly lenient standard, and typically [the determination] results in 'conditional certification' of a representative class." *Id*., *quoting Morisky v. Public Service Elec. And Gas Co.*, 111 F.Supp.2d 493, 497 (D.N.J. 2000).  The Southern District of New York, considering conditional class certification in a FLSA suit, has found that at the first stage "[p]laintiffs are only required to demonstrate a factual nexus that supports a finding that potential Plaintiffs were subject to a common discriminatory scheme." *Jackson v. New York Telephone Col.*, 163 F.R.D.

2

429, 431 (S.D.N.Y. 1995). This relatively light burden is explained by the fact that "certification" prior to discovery is merely conditional. The Court will examine the question again, employing a more exacting standard, once the parties have had the benefit of discovery. *Comer*, 454 F.3d at 547.

Significantly, Defendant here does not challenge the first stage "conditional" class certification. Moreover, Plaintiffs have alleged FLSA violations that, if proved, would affect all employees classified as "pavement marker installers" and those bearing a different designation but having the same job description and wage schedule. Plaintiffs allege Defendant violated FLSA's overtime provisions with regard to all those employees for a period starting three years preceding Plaintiffs' filing of the Complaint on October 17, 2012.

Therefore, for the benefit of potential plaintiffs who have not joined the lawsuit and in Defendant's business interests, the Joint Motion to Certify the Class is **GRANTED**.

The class is conditionally certified, until the Court examines the issue again after discovery, and it includes Defendant's employees employed in the capacity of "pavement marker installers" from October 17, 2009 to the present, and who were not paid overtime at a rate of one and one-half times their regular hourly rate for all hours worked in excess of 40 hours per week. The Court also authorizes of the proposed notice to the class, attached to the Motion as "Exhibit B."

## IV. CONCLUSION

For the reasons stated above, the Joint Motion to Certify the Class is, subject to the limitations stated above, **GRANTED**.

**IT IS SO ORDERED.**

   <u>s/ Algenon L. Marbley</u>
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: June 5, 2013**